UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE                              )
                                   )
ALEJANDRO MARTINEZ                 )    No. 06 B 05861
                                   )
        Debtor.                    )

## MEMORANDUM OPINION ON DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE

On May 22, 2006 Alejandro Martinez ("Debtor") filed a pro se petition under Chapter 7 of the United States Bankruptcy Code. On June 7, 2006 the United States Trustee for the Northern District of Illinois ("U.S. Trustee") filed a Motion to Dismiss Chapter 7 Case ("Motion to Dismiss").

Following dismissal of this case, Debtor now seeks reconsideration of the dismissal order. This is treated as a motion to alter or amend judgment. Since it was filed more than ten days after entry of the Order, Debtor's present motion is treated as one to alter or amend judgment under Rule 60 Fed.R.Civ.P. as adopted under Rule 9024 Fed.R.Bankr.P.

In the Motion to Dismiss, the U.S. Trustee argued that the Debtor's case should be dismissed because the Debtor failed to timely file any of the following documents: (1) a certificate and debt repayment plan, if any, from an approved nonprofit budget and credit counseling agency that provided the debtor services under Section 109(h); (2) a certification as required under Section 109(h)(3) that describes exigent circumstances that merit a waiver of the certificate requirements; or (3) a request for a determination by the court under Section 109(h)(4) that the certificate requirements shall not apply because the debtor is unable to complete the requirements because of incapacity, disability, or active military duty in a military combat zone.

Debtor filed an Answer to the Motion to Dismiss Chapter 7 Case ("Answer") on June 19, 2006. In his Answer, Debtor acknowledged that he failed to file his original bankruptcy petition

with either a certificate and debt repayment plan, or certification under Section 109(h)(3), or a request for a determination by the court under Section 109(h)(4). He claimed that he failed to do so because he did not have the required forms. Further, Debtor argued that because he is proceeding pro se, pursuant to Haines v. United States, 404 U.S. 519 (1972) his pleadings should be read liberally. Debtor also noted that he is currently imprisoned and has a limited knowledge of English.

Debtor stated in his Answer that after acquiring the required forms, on June 2, 2006 he filed the following: (1) statement of social security number; (2) notice to individual consumer debtor under Section 342(b) of the Bankruptcy Code; and (3) statement of current monthly income and means test calculation for use in Chapter 7 proceedings. The docket in this case reflects the filing of the statement of social security number and the statement of current monthly income and means test calculation. However, the Debtor did not ever file the requisite certificate as required under Section 521(b)(1) of the Bankruptcy Code and Interim Rules 1007(b)(3) and (c). That should have been a certificate from an approved credit counseling company.

The notice to individual consumer debtor under Section 342(b) of the Bankruptcy Code cited by the Debtor is not the required certificate under Section 521(b)(1) of the Bankruptcy Code and Interim Rules 1007(b)(3) and (c). In accordance with the Bankruptcy Code, the Section 342(b) notice: (1) describes briefly the services available from credit counseling services; (2) describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings an individual may commence; and (3) informs debtors about bankruptcy crimes and notifies the debtor that the Attorney General may examine all information supplied in connection with a bankruptcy case.

Based on the Debtor's lack of compliance with the Bankruptcy Code and Interim Rules, and most particularly because of failure to file certification required under Section 521(b)(1) and Interim Rules 1007(b)(3), the Debtor was found ineligible to be a Debtor under Chapter 7 of the Bankruptcy

- 2 -

Code. Therefore, the Order was entered on June 20, 2006 dismissing Debtor's Chapter 7 case.

On July 5, 2006 Debtor filed his present Motion for Reconsideration of Order Dismissing Case ("Motion for Reconsideration"). In the Motion for Reconsideration the Debtor claimed that he did not receive the Motion to Dismiss until June 12, 2006. He claimed that he then completed the certifications and mailed them to the Bankruptcy Clerk and the U.S. Trustee's Office on June 13, 2006, but the documents did not leave the Federal Prison Camp located in Oxford, Wisconsin until June 14, 2006. In the meantime, however, the Debtor's case was dismissed on June 20, 2006. Therefore, he requests that his bankruptcy case be reinstated because he believes he has since filed the requisite documents.

As noted above, Debtor has failed to file with his bankruptcy filings the certificate as required at that time under Section 521(b)(1) of the Bankruptcy Code and Interim Rules 1007(b)(3) and (c), which was the basis for dismissing his Chapter 7 case. Thus, the Debtor was in noncompliance with the Bankruptcy Code and Interim Rules. Having failed to file the certificate along with his required bankruptcy papers, he cannot later cure this defect. Thus, he has shown no grounds for reconsideration or alteration of the dismissal order.

For the foregoing reasons, the Debtor's Motion for Reconsideration of Order Dismissing Case is denied.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this ___ day of August 2006.